**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

A PRIORI FAMILY OFFICE, LLC and A
PRIORI GREENWICH HOLDINGS, LLC,
    *Plaintiffs*,

    v.

VALLEY FORGE INSURANCE COMPANY,
    *Defendant*.

No. 3:23-cv-01477 (JAM)

**ORDER STRIKING DISCLOSURE STATEMENT**

    The plaintiffs in this action are two limited liability companies. They have filed a federal

lawsuit against a defendant insurance company stemming from an insurance dispute about

coverage for water damage to property in Greenwich, Connecticut.[1]

    Although this lawsuit involves solely state law claims, a federal court has so-called

"diversity" jurisdiction over such cases if there is an amount in controversy of more than $75,000

and if the parties are completely diverse in terms of their States of citizenship (*i.e.*, no plaintiff is

a citizen of the same State as any defendant). See 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v.*

*Roche*, 546 U.S. 81, 89 (2005).

    Rule 7.1 of the Federal Rules of Civil Procedure requires the filing of a corporate

disclosure statement. It requires in relevant part that "[i]n an action in which jurisdiction is based

on diversity under 28 U.S.C. § 1332(a), a party … must, unless the court orders otherwise, file a

disclosure statement," and "[t]he statement *must name*—and identify the citizenship of—every

individual or entity whose citizenship is attributed to that party …." Fed. R. Civ. P. 7.1(a)(2)

(emphasis added). The commentary to the rule explains in part that disclosure is "necessary both

---

[1] Doc. #1 at 1-2 (¶¶ 1-6).

to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship."[2]

It is well established that for purposes of federal diversity jurisdiction "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Moreover, when a party is a limited liability company that is owned by yet another limited liability company, the citizenship of the limited liability company is determined by reference to the citizenship of the members of the owner limited liability company. In other words, for cases "involving a limited liability company, a party must allege the identity and citizenship of their members, proceeding up the chain of ownership until the party has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *Union Mut. Fire Ins. Co. v. Morningstar Richmond LLC*, 2023 WL 8003333, at *2 (E.D.N.Y. 2023).

The plaintiffs here have filed a corporate disclosure statement averring that both plaintiffs are wholly owned by another parent limited liability company which in turn "is owned by three natural persons all who are residents of Connecticut."[3] Because the citizenship of these three unnamed individuals must be attributed to the party plaintiffs in order to determine the party plaintiffs' citizenship, it is apparent that Rule 7.1 requires the disclosure statement to identify these three individuals by name. *See Del Mar TIC I, LLC v. Bancorp Bank*, 2023 WL 6811776, at *1 (S.D.N.Y. 2023).

But the plaintiffs' disclosure statement does not name the three individuals as required by Rule 7.1. Accordingly, the Court STRIKES the plaintiffs' disclosure statement without prejudice

---

[2] Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment.
[3] Doc. #9 at 1; *see also* Doc. #10 at 2-3 (¶¶ 7-8) (amended complaint alleging that the three individuals are "domiciled" in Connecticut but not identifying them by name).

to the re-filing of a proper disclosure statement on or before **December 11, 2023**. In the absence of the timely filing of a proper disclosure statement or a motion establishing why the names of the three individuals should not be required to be disclosed, the Court may dismiss the complaint.

It is so ordered.

Dated at New Haven this 27th day of November 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge